(No. 75-CV-41—▮▮▮▮▮▮▮▮▮)

TRESSA YOUNG, on behalf of MICHAEL UNGER, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 6, 1975.*

BENJAMIN AND SHAPIRO, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred November 5, 1973, at 116th & Lafayette Avenue, Cook County, Chicago, Illinois. Tressa Young, mother of the victim, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant's deceased son, Michael Unger, age 17, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Murder". (*Ill. Rev. Stat., 1973, Ch. 38, §9-1.*)

2. That on November 5, 1973, at approximately 10:50 P.M., the victim was shot in the face and killed by the assailant, James J. Perry. The assailant had accused the victim of breaking into his house prior to the shooting. The victim denied he had anything to do with breaking into the assailant's home.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any wrongful act or provocation by the claimant for the attack.

4. That the victim died on November 5, 1973 as a result of the injuries he received in the shooting. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General.

A copy of said report is retained in the Court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

5. That the victim and his assailant were not related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials and claimant has fully cooperated with their requests for assistance in the apprehension and prosecution of the assailant.

7. That the assailant has been identified as James Perry, Jr., of 11565 South Lafayette, Chicago, Illinois. He has been indicted for the murder of the victim and is scheduled for trial in Cook County Criminal Court, May 5, 1975, in the Courtroom of Judge Porter.

8. That the claimant seeks compensation for funeral expenses and loss of support.

9. That the victim was unemployed for a period of at least 6 months prior to his death and, therefore, no loss of support would be shown as a result of his death.

10. That the claimant has incurred expenses for the funeral and burial of the victim as a result of his death, and the gross amount of the pecuniary loss for these items as computed before deductions and setoffs is as follows:

Funeral . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1,274.00
Burial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 389.00
                                                                    _____
                                                                    $1,663.00

11. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

(d) . . . "shall deduct $200.00 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local

governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

12. That, in the claim before us, the claimant has not received any benefits from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act. The statutory deduction of $200.00, having been deducted from the gross amount of loss as calculated in ¶9 and 10, leaves a loss compensable under the Act of $1,463.00. Hence, the claimant is entitled to an award in the amount of $1,463.00.

It Is Hereby Ordered that the sum of One Thousand Four Hundred Sixty-Three ($1,463.00) Dollars be awarded to the claimant, Tressa Young, as mother of an innocent victim of a violent crime.